NO. 07-01-0434-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 21, 2002

_____

ANTONE RICHIE

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 180th DISTRICT COURT OF HARRIS COUNTY;

NO. 857,643; HON. LARRY FULLER, PRESIDING

_____

***ABATEMENT AND REMAND***

_____

Before BOYD, C.J. QUINN, and REAVIS, JJ

Antone Richie appealed, on May 24, 2001, his conviction for delivery of a controlled substance. Eventually, the clerk's record was filed October 17, 2001 and the reporter's record on November 27, 2001. These circumstances, when applied to the pertinent rule of appellate procedure, required that appellant file his brief by December 27, 2001. He did not. On January 9, 2002, we informed appellant, by letter, of the December 27th deadline and directed him to explain why he did not comply with same. So too did we inform him

that the cause would be abated pursuant to Texas Rule of Appellate Procedure 38.8(b) if such a response was not forthcoming within ten days. The response received consisted of a motion to extend the deadline. Same was granted, and the deadline was extended to February 13, 2002. Like its predecessor, that date also lapsed without appellant complying with same or otherwise contacting the court and explaining why his brief had not been filed.

Consequently, we abate this appeal and remand the cause to the 180th District Court of Harris County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be served upon the parties and, thereafter, conduct a hearing to determine the following:

1.    whether appellant desires to prosecute the appeal;

2.    whether appellant is indigent; and,

3.    whether appellant has been denied the effective assistance of counsel due to counsel's failure to timely file a brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed. 2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

The trial court is further ordered to execute findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, and was denied effective assistance of counsel, then we also direct it to appoint new counsel to assist appellant in the prosecution of the appeal.

2

The name, address, phone number, telefax number, and state bar number of the new counsel appointed to represent appellant must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law, and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record and reporter's record to be filed with the clerk of this court on or before March 25, 2002. Should additional time be needed to perform these tasks, the trial court may request same on or before March 25, 2002.

It is so ordered.

Per Curiam

Do not publish.